IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| WILLIE JOHN BAPTIST DAVIS, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 1:25-cv-65-LAG-AGH |
| PHOEBE SUMTER MEDICAL CENTER, | : | |
| Defendant. | : | |

## ORDER AND RECOMMENDATION OF DISMSISAL

Plaintiff Willie John Baptist Davis, a prisoner at Hays State Prison in Trion, Georgia, filed a pro se 42 U.S.C. § 1983 complaint and a motion to proceed *in forma pauperis* ("IFP") (ECF Nos. 1, 2, 4). As set forth below, Plaintiff's motion to proceed IFP is **GRANTED**. However, it is **RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

## MOTION FOR LEAVE TO PROCEED IFP

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a) (ECF Nos. 2, 4). As it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed IFP is **GRANTED**. However, a prisoner is allowed to proceed IFP he must still pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets in his trust account, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be

prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

I. Directions to Plaintiff's Custodian

It is **ORDERED** that the warden of the institution in which Plaintiff is incarcerated, or the sheriff of any county in which he is held in custody, and any successor custodians, each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of any part of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II. Plaintiff's Obligations Upon Release

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he

was in custody. Plaintiff remains obligated to pay those installments justified by the income in his prisoner trust account while he was detained. If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

I.   Standard of Review

The PLRA directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). Courts must also screen complaints filed by a plaintiff proceeding IFP. 28 U.S.C. § 1915(e). Both statutes apply in this case, and the standard of review is the same. "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). On preliminary review, the Court may dismiss claims that are based on "indisputably

meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (citations omitted). A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th

Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

II.   Factual Allegations

Plaintiff alleges that on October 18, 2015, his mother was a patient at Phoebe Sumter Medical Center in Americus, Georgia. Compl. 1, 4, ECF No. 1. Plaintiff contends that he was on his way to attend to his mother when medical staff at Phoebe Sumter terminated his mother's life support at the direction of Plaintiff's uncle, who was not authorized to make a decision about Plaintiff's mother's care. *Id.* Plaintiff's mother died before Plaintiff reached the hospital. *Id.*

III.   Plaintiff's Claims

The only defendant that Plaintiff names is Phoebe Sumter Medical Center in Americus, Georgia. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that his constitutional or other federal rights were violated by a state actor. *Hale*, 50 F.3d at 1582. Plaintiff has not alleged any facts to suggest that Phoebe Sumter Medical Center or its employees are state actors for the purposes of § 1983. Thus, Plaintiff has not stated a claim for relief against a proper defendant under § 1983.

Regardless, even if Phoebe Sumter Medical Center was a state actor, Plaintiff's case would be barred by the statute of limitations. Section 1983 has no statute of limitations of its own and instead is governed by the forum state's general personal injury statute of limitations. *Owens v. Okure*, 488 U.S. 235, 236 (1989) (citing *Wilson v. Garcia*, 471 U.S. 261 (1985)). Georgia's two-year personal injury statute of

5

limitations governs 42 U.S.C. § 1983 civil rights claims that arise in Georgia. *Reynolds v. Murray*, 170 F. App'x 49, 50-51 (11th Cir. 2006) (citing O.C.G.A. § 9-3-33 (1982)).

Here, Plaintiff asserts that the events discussed in the complaint took place on October 18, 2015, more than nine years before he filed this complaint on April 21, 2025. Consequently, Plaintiff's claim is untimely and subject to dismissal.

IV. Conclusion

Plaintiff's motion to proceed IFP (ECF Nos. 2, 4) is **GRANTED**. For the reasons set forth above, this complaint is subject to dismissal both because Plaintiff has not alleged a constitutional violation was committed by a state actor and because any possible claim is barred by the statute of limitations. Thus, it is **RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Order and Recommendation with the Honorable Leslie Abrams Gardner, Chief United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Order and Recommendation. Any objection is

---

[1] Generally, a *pro se* plaintiff should be given an opportunity to recast his complaint before the Court dismisses the case with prejudice if it appears that the plaintiff may be able to state a claim through a more carefully drafted complaint. Here, however, Plaintiff's complaint was already barred by the statute of limitations before he filed this case. Moreover, Plaintiff cannot state a § 1983 claim against Phoebe Sumter Medical Center because Phoebe Sumter is not a state actor. Therefore, it would be futile to allow Plaintiff to amend his complaint to attempt to state a claim. *See Watkins v. Hudson*, 560 F. App'x 908, 911 (11th Cir. 2014) (holding that a district court must provide "a plaintiff an opportunity to amend his *pro se* complaint before dismissing with prejudice unless . . . an amendment would be futile").

limited in length to **TWENTY (20) PAGES**. See M.D. Ga. L.R. 7.4. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. See 11th Cir. R. 3-1.

**SO ORDERED and RECOMMENDED**, this 10th day of June, 2025.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE